BROOKMIRE (BEAN v.). See Cases Nos. 1,168–1,170.

---

## Case No. 1,943.

### In re BROOKS.

[2 N. B. R. 466 (Quarto, 149);[1] 2 Am. Law T. Rep. Bankr. 66.]

District Court, S. D. Georgia.   Jan. 23, 1869.

VENDOR AND PURCHASER — VENDOR'S LIEN — TRANSFER OF PURCHASE-MONEY NOTE.

The lien of a vendor upon land, for the purchase-money, does not pass to the transferee of a note taken in part payment.

In bankruptcy.

[On certificate of register in bankruptcy.]

I, the undersigned, having been designated by the court as the register in bankruptcy, before whom the proceedings in the above matter of the bankruptcy of Samuel W. Brooks are to be had, do hereby certify that in the due course of such proceedings, the following question, pertinent to the same, arose, and was stated and agreed to by Samuel Hunter, counsel for Daniel Ladd, a

[1] [Reprinted from 2 N. B. R. 466 (Quarto, 149), by permission.]

creditor, and W. B. Bennett, Esq., counsel for Benjamin J. Smith, another creditor of the said bankrupt.

Statement—Samuel W. Brooks, the bankrupt, on the 23d day of July, 1862, purchased of one A. H. Wilson, trustee to his (Wilson's) wife, certain lots of land in the state of Georgia, and gave therefor his promissory note, payable to the said Wilson as trustee, or bearer, which note described the said land as the consideration of the note. Samuel Hunter, Esq., appeared before the register with the said note, and offered, as attorney for Daniel Ladd, to prove said note for him as a creditor holding security on the said land by virtue of the vendor's lien. The counsel for Benjamin J. Smith, who claims security on the said land by a mortgage from Brooks, objected to the lien claimed by Ladd being allowed.

Question—Is the said Ladd entitled to the security of the vendor's lien on said land?

[By F. S. Hesseltine, Register:]

I think that Ladd is not entitled to the lien of the vendor. That A. H. Wilson, trustee, the vendor of this land, had a lien thereon for the purchase money, which this court would have recognized and sustained, your honor has already decided in the northern district, in Re Perdue [Case No. 10,-975]. But this lien of the vendor is personal, and not assignable; it does not pass to the transferee of a note, and in this case the lien which existed in the vendor became extinct when the note, which is payable to bearer, passed by delivery to Ladd. This law is well established. It has been so decided by the supreme court of this state in Wellborn v. Williams, 9 Ga. 86, and Webb v. Robinson, 14 Ga. 216. In the former, Nisbeth, J., says: "I do not find in the English books a single case in which it (the vendor's lien) has been enforced in favor of the assignee of the note for the purchase money. An inquiry into the character of the vendor's lien will show that upon principle it cannot be done." In Gilman v. Brown [Case No. 5,441], Judge Story says: "The securities themselves were, from their negotiable nature, capable of being turned into cash; and in their transfer from hand to hand, they could never have been supposed to draw after them, in favor of the holder, a lien on the land for their payment."

After this question was first stated and submitted, the counsel for Ladd, in support of the lien claimed by him, set up that Ladd held this note as collateral security; that the proceeds were to be applied to the payment of a debt which Wilson owed him.

The counsel for Smith denies this statement.

It is unnecessary for me, I think, to give my views as to what effect this would have upon the question, as the allegation is not supported by evidence. Ladd, through his counsel, appears with the promissory note, and seeks to prove it, claiming for himself the security of the vendor's lien on this land. He is the bearer of the note, and the title to it, as far as appears from the evidence before the court, is in him. Therefore, in my opinion, your honor is only called upon to decide the question as first stated and agreed to by the counsel for the opposing parties. And they requested that the same should be certified to your honor for your opinion thereon.

ERSKINE, District Judge. The decision of Mr. Register Hesseltine is affirmed.